**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| ANCIENT NUTRITION, LLC, a Florida limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>PDM DISTRIBUTION SERVICES, INC., an Iowa Corporation, LEFT COAST PERFORMANCE, INC., a Canadian Corporation, SIMON THOMPSON, a Canadian individual; DANIEL THOMPSON, a Canadian individual; and PETER THOMPSON, a Canadian individual.<br><br>        Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>**(EXPEDITED RELIEF REQUESTED)**<br><br><br>Case No. |

Plaintiff Ancient Nutrition, LLC (hereinafter, "Plaintiff" or "Ancient Nutrition"), brings

this Complaint against Defendants PDM Distribution Services, Inc. ("PDM"), an Iowa

corporation, Left Coast Performance Inc. ("Left Coast"), Simon Thompson, a Canadian

individual, Daniel Thompson, a Canadian individual, and Peter Thompson, a Canadian

individual (collectively referred to as, "Defendants"), as follows:

**SUMMARY OF THE CASE**

1.       This is an action for violation of the Lanham Act, and the Copyright Act.

Specifically, Defendants PDM , Left Coast, and Mssrs. Thompson have directly infringed and

are infringing Plaintiff's Ancient Nutrition's product packaging and design for its Bone Broth

Protein™.

2.       Plaintiff sells Bone Broth Protein™, and is known to the public by its highly

distinctive packaging, and product design (the "Ancient Nutrition Packaging"), pictured below

left.  Ancient Nutrition has enjoyed great success in the marketplace selling Bone Broth

Protein™ and has acquired federally protected trade dress rights and copyright protection in the

Ancient Nutrition Packaging.

 

     3.      Defendant Left Coast has recently begun selling its own line of protein powder,

pictured above right.

     4.      Defendant Left Coast is using product packaging that misappropriates Plaintiff's

protected trade dress and copyright in the Ancient Nutrition Packaging.

     5.      Defendant PDM packages Left Coast's protein powder products.

     6.      Defendants have deliberately infringed Plaintiff's trade dress rights and copyright,

misappropriated the considerable good will associated with Plaintiff's brand, and profited by

passing off their infringing goods as those coming from or associated with Ancient Nutrition,

thus damaging Plaintiff by the lost sales associated with its well established brand and loss of

control over the quality of goods apparently sold under its approval.

7.      Defendants Left Coast, Messrs. Thompson, and PDM have jointly and severally infringed and continue to infringe Plaintiff's protected trade dress and copyright in the Ancient Nutrition Packaging.

8.      Defendant PDM through its packaging of Defendant Left Coast's products has knowingly induced, caused, and/or materially contributed to Defendant Left Coast's infringement of Plaintiff's products.

9.      Plaintiff has demanded that the Defendants immediately cease and desist their infringing conduct..

## PARTIES

10.      Plaintiff Ancient Nutrition, LLC is a Florida limited liability company having a principal place of business located at 1201 U.S. Highway One, Suite 350, North Palm Beach, Florida, 33408.

11.      Upon information and belief, Defendant PDM is a Iowa corporation, having a registered office address located at 416 SW 3rd Street, Ankeny, IA, 50023, and a principal place of business at 2728 6th Ave, Des Moines, IA 50313.

12.      Upon information and belief, Defendant Left Coast is a British Columbia corporation, having a mailing address 715 Sutherland Avenue, Kelowna, BC V1Y 5X4, Canada. (Ex. 1).

13.      Upon information and belief, Defendant Simon Thompson is the Director of Left Coast, and is doing business on behalf and as Left Coast, and has a mailing address at 1155 Seymour Street, Unit 708, Vancouver, BC V6B 3M7, Canada. (Ex. 1). Upon information and belief, Simon Thompson has personally, actively and consciously participated in and directed Left Coast's wrongful actions described herein.

14.     Upon information and belief, individuals named Daniel Thompson and Peter Thompson, who may reside in Vancouver, Canada, are doing business on behalf and as Left Coast. Upon information and belief, Daniel Thompson and Peter Thompson have both personally, actively and consciously participated in and directed Left Coast's wrongful actions described herein.

15.     On information and belief, each of defendants Left Coast and Mssrs. Thompson was and is, relative to the acts herein alleged, the agent of the other, and each was acting within the scope, purpose, and authority of that agency and with the knowledge, permission and consent of the other.

16.     On information and belief, the individual Defendants have controlled the acts of Left Coast as alleged herein.

17.     On information and belief, there has existed such a unity of interest between Left Coast and the individual Defendants that any individuality and separateness of Left Coast and individual Defendants Simon Thompson, Daniel Thompson, and Peter Thompson have ceased, such that each is the agent and alter-ego of the other in the acts hereinafter alleged.

18.     On information and belief, any and all acts hereinafter ascribed to Left Coast or individual Defendants Simon Thompson, Daniel Thompson, and Peter Thompson were done with the permission, consent, knowledge, participation and active inducement on the part of the other defendants, and the defendants together acted as co-conspirators and/or agents in the performance of the wrongful acts more particularly described below.

**JURISDICTION AND VENUE**

19.     The causes of action alleged herein arise under federal statutes protecting copyrights and trademarks, i.e., 17 U.S.C. §§ 101 *et seq* (the Copyright Act); and 15 U.S.C. §§ 1051 *et seq*. (the Lanham Act), so this case presents questions of federal law over which this Court has subject matter jurisdiction under 28 U.S.C. §1331, and 28 U.S.C. §1338.

20.     Venue and personal jurisdiction are appropriate in this Court under 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

21.     This Court has personal jurisdiction over the Defendants.  As further detailed in the allegations in this Complaint, the Defendants have worked separately and together within this judicial district to carry out at least some of the unlawful acts described below, including manufacturing the infringing goods in Defendant PDM's facility in Boone, Iowa.

22.     Defendants' illegal conduct intentionally targets and causes injury to Plaintiff Ancient Nutrition in the Southern District of Iowa by infringing upon Plaintiff's protected trade dress and copyright in the Ancient Nutrition Packaging in this district.

23.     Defendant PDM is located in this district and does business here.

24.     Defendant Left Coast transacts business in, has agents in, or it or they are otherwise found in and have purposely availed themselves of the privilege of doing business in Iowa and in this district. Moreover, on information and belief, Defendant Left Coast maintains a packaging contract with Defendant PDM in this district.

**FACTUAL BACKGROUND**

**Ancient Nutrition and Its Continuous Use of Its Trade Dress and Copyrighted Design:**

25.     Ancient Nutrition is a nutrition company focused on the sale of nutritional supplements, including its Bone Broth Protein™ powder.

26.     Ancient Nutrition was founded in March, 2016 by Jordan Rubin and Dr. Josh Axe. Ancient Nutrition started selling Bone Broth Protein™ in June, 2016, and is a pioneer of bone broth protein powder in the field.

27.     Before Ancient Nutrition began selling its Bone Broth Protein™, it was very expensive and time consuming for consumers to make bone broth at home, and it was difficult and impractical to create a particular broth nutritional profile with optimal amounts of protein, collagen, glucosamine, chondroitin and key minerals using standard home equipment. In addition, commercially prepared bone broth often included too much sodium and relatively low levels of protein.  Ancient Nutrition solved this problem by offering specifically engineered and pre-packaged Bone Broth Protein™ powder that is low-sodium and protein-rich, containing 20 grams of protein per recommended serving, at a cost effective price, that is easy to store and mix for individual use, is sold nationally over the Internet, and is easily shipped to consumers at their homes or other preferred location.

28.     Since at least June 1, 2016, Ancient Nutrition has continuously sold its Bone Broth Protein™ powder bearing the Ancient Nutrition Trade Dress and Ancient Nutrition Copyright (collectively "Ancient Nutrition Packaging") in the United States. Exemplar advertising is shown below:



29.     Ancient Nutrition has spent significant amounts of money establishing the Bone Broth Protein™ brand, as well as the Ancient Nutrition Packaging in the minds of its customers and the public.

30.     The Ancient Nutrition Packaging utilizes among other things, Ancient Nutrition's original, non-functional and distinctive use of fonts, colors, texts, imaging, labeling, packaging, and artwork and the arrangement of those elements on its Ancient Nutrition Packaging ("Ancient Nutrition Trade Dress").

31.     By virtue of its widespread and continuous promotion and use, Ancient Nutrition owns common law trade dress rights in the Ancient Nutrition Trade Dress, including under the Lanham Act.

32.     Specifically, the Ancient Nutrition Trade Dress consists of distinctive and non-functional packaging elements, featuring:

   a.   The Ancient Nutrition logo centered in the top third of the label, with the logo being approximately ¾" wide and arrayed against a dark backdrop;

7

b. A dark backdrop on the top approximately two thirds of the label;

c. The trademarked words Bone Broth Protein™ in capital letters in the center third of the label, with the words in white bold font arrayed against the dark backdrop;

d. A horizontal color strip on the bottom one third of the label, the colors varying between labels of products of different flavors and used to differentiate those flavors, (e.g. pure (beige), chocolate (brown), vanilla (blue) and turmeric (orange));

e. Product attributes displayed against the backdrop of the color strip, including text and including circles containing "20g Protein Per Serving" and "Paleo Friendly"

33.     The Ancient Nutrition Trade Dress is a strong, distinctive, and creative product packaging which serves to distinguish the company and its products in the marketplace. The Ancient Nutrition Trade Dress symbolizes and embodies the business goodwill of Ancient Nutrition, and is an intangible asset of substantial commercial value.

34.     Ancient Nutrition also has a copyright in the original, non-functional and distinctive elements and arrangement of elements on its Ancient Nutrition Packaging ("Ancient Nutrition Copyright").

35.     Plaintiff's product packaging is an original work of authorship and constitutes copyrightable subject matter under the laws of the United States. The image was and is fixed in a tangible medium of expression, as described.

36.     On May 12, 2017 Ancient Nutrition applied for copyright registrations of its Bone Broth Protein™ product label for four flavors of its products, including chocolate (brown) (U.S.

Copyright Office Case No. 1-5116075907) ; vanilla (light blue) (Case No. 1-5116811270); turmeric (orange) (Case No. 1-5116811334); and pure (cream) (Case No. 1-5116075541).

37.     As a result of Ancient Nutrition's continuous use, extensive sales, advertising and promotion of the Ancient Nutrition Packaging those distinctive indicia enjoy a significant and favorable reputation, and products bearing those indicia are recognized by the public as emanating from Ancient Nutrition.

38.     At all relevant times, Ancient Nutrition has been, and still is, the owner of the exclusive rights, title, and interest in the Ancient Nutrition Packaging, in connection with the sale of protein powder and has the full and exclusive rights to bring suit to enforce its copyright and trademark rights, including the right to recover for past infringement.

**The Defendants' Infringing Packaging Is Deceptively and Substantially Similar to Ancient Nutrition's Trade Dress and Copyright:**

39.     On information and belief Defendant Left Coast sells protein powders, which compete with Plaintiff's brand ("Infringing Products") in packaging intentionally designed to copy and mimic the Ancient Nutrition Packaging, as well as MCT and Keto products.

40.     On information and belief Defendant Left Coast products is owned and operated by Defendants Peter Thompson; Daniel Thompson, and Simon Thompson (Ex. 2, Amazon Answers; Ex. 3, Domain Registration showing Daniel Thompson as "ADMIN NAME"; Ex. 4, Simon Thompson Facebook Page; Ex. 5, e-mail dated April 23, 2017 from "Simon" at Left Coast Performance following Amazon product purchase).

41.     Upon information and belief, Defendants Peter Thompson; Daniel Thompson, and Simon Thompson do business as Left Coast and sell products under the name Left Coast Performance.

42.     On information and belief Defendant Left Coast sells products on its website www.leftcoastperformance.com, as well as on amazon.com.

43.     In April, 2017, Ancient Nutrition discovered that Defendants were distributing bone broth protein in packaging depicted above online, and throughout the United States, and began investigating the source of the products and attempting to discover the identity of the defendants.

44.     As shown in paragraph 2 above, as well as below, a side-by-side comparison of the Ancient Nutrition Packaging and the Left Coast Infringing Products show that the Left Coast Infringing Products were designed to mimic, and thus to benefit from the goodwill inherent in the Ancient Nutrition Packaging bearing the Ancient Nutrition Trade Dress and Ancient Nutrition Copyright (thus the Packaging of the Infringing Products is referred to as the "Left Coast Infringing Packaging"):

 

 

**Defendant PDM's Infringing Conduct:**

45.     Peter Thompson, believed to be a principal of the Left Coast business, stated in a April 12, 2107 post to an Amazon question and answer page associated with the Left Coast products that its filing and packaging partners were located in Boone IA "where it is bottled. Our team works remotely with teammates from Coast to Coast." (See Ex. 2).

46.     On information and belief, the only food packaging company for goods of this type in Boone, IA is Defendant PDM.

47.     On April 26, 2017, Defendant PDM's receptionist told Plaintiff's representative on a phone call that it packaged Defendant Left Coast's products.

48.     On May 1, 2017, another representative of Plaintiff called Defendant PDM to request a discussion about Left Coast and attempt to get contact information for Left Coast. Through the receptionist, Nicki, PDM's President Terry Goodman told Plaintiff that it needed to contact Left Coast, but declined to provide contact information.

49.     Defendant PDM has directly and indirectly infringed, and contributed to the infringement of Defendant Left Coast by packaging and distributing Defendant Left Coast's products bearing the Infringing Trade Dress and, at least since May 1, 2017, has been aware that Plaintiff had concerns with the Left Coast products.

**Ancient Nutrition Is Being Irreparably Harmed**
**By Defendants' Infringing Products**

50.     By presenting their Left Coast Infringing Products into the marketplace using virtually identical packaging to the Ancient Nutrition Packaging, Defendants have misled the public into believing that the Left Coast protein powder is from the same source or origin as, or affiliated with or approved by Ancient Nutrition.

51.     Defendants' conduct is likely to cause confusion among customers and prospective customers for Ancient Nutrition products in the United States and in this judicial district.

52.     Ancient Nutrition reasonably fears that this confusion will quickly destroy Ancient Nutrition's Bone Broth Protein™ reputation for quality and deplete the goodwill that Ancient Nutrition has cultivated, and makes it impossible for Ancient Nutrition to control the quality of products sold under and using its brand and in the Ancient Nutrition Packaging.

53.     Ancient Nutrition has been, and is being, damaged by Defendants' infringement as alleged herein, at least in part in ways that cannot be adequately measured or fully remedied by monetary damages.

**Defendants Have Been Clearly Informed of their Infringement**

54.     Defendants are very well aware of the goodwill and market value of Ancient Nutrition's Bone Broth Protein™ powder, and distribute their own deceptively similar protein powder to improperly capitalize upon that goodwill. Ancient Nutrition sent each defendant a copy of its draft complaint in this case and a cease and desist letter.

**CAUSES OF ACTION**

**COUNT I**
**TRADE DRESS INFRINGEMENT**

55.     Plaintiff Ancient Nutrition repeats and re-alleges herein each of the foregoing paragraphs.

56.     By virtue of long and continuous use of the Ancient Nutrition Packaging bearing the Ancient Nutrition Trade Dress in commerce in the United States, Ancient Nutrition has gained trade dress rights in the Trade Dress under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

57.     The Ancient Nutrition Trade Dress is inherently distinctive and non-functional in the nutritional supplement market and has become recognized by consumers associated with the Bone Broth Protein™ products. The Ancient Nutrition Trade Dress has become strong and serves as an indicator of source and quality. The Ancient Nutrition Trade Dress has thus obtained secondary meaning.

58.     Defendants advertise, manufacture, package and distribute the Infringing Products in the Left Coast Infringing Packaging that is substantially the same as the Ancient Nutrition's Trade Dress.

59.     The similarities between the Infringing Packaging and the Ancient Nutrition Trade Dress is intentional. Ancient Nutrition is informed and believes, and on that basis alleges, that Defendants adopted the Infringing Packaging for their protein supplement related products with the express intent to confuse, mislead, or deceive the public as to the origin of Defendants' products.

60.     By advertising, marketing, manufacturing, packaging, and selling the Infringing Products in the Left Coast Infringing Packaging, Defendants have caused a likelihood of confusion in the marketplace between the Infringing Packaging and Ancient Nutrition's Trade Dress.

61.     The Left Coast Infringing Packaging is highly and confusingly similar in appearance to the Ancient Nutrition Trade Dress.

62.     Defendants' use of the Left Coast Infringing Packaging was done without the consent of Ancient Nutrition and constitute false and misleading use in commerce of the Ancient Nutrition Trade Dress. Such actions have caused and are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the Infringing Products.

63.     As described herein, Defendants actions were done willfully and in bad faith.

64.     Defendants are directly, contributorily and/or vicariously liable for Defendant Left Coast's actions, through the manufacturing, packaging and shipping of Defendant Left Coast's products using the Left Coast Infringing Packaging.

65.     As a result of Defendants' distribution of its Infringing Products, Ancient Nutrition has and continues to suffer serious economic injury.

66.     Ancient Nutrition has been damaged and subject to irreparable harm because of Defendants concerted actions. Unless Defendants are preliminarily and permanently enjoined from using the Left Coast Infringing Packaging, or any other packaging which is confusingly similar to the Ancient Nutrition Trade Dress, Ancient Nutrition will continue to be irreparably harmed.

**COUNT II**
**COPYRIGHT INFRINGEMENT**

67.     Plaintiff Ancient Nutrition repeats and re-alleges herein each of the foregoing paragraphs.

68.     Under the Copyright Act, as the copyright owner, Ancient Nutrition has the exclusive rights to reproduce its copyrighted Ancient Nutrition Packaging, to prepare derivative works based upon the Ancient Nutrition Packaging design, to display the Ancient Nutrition Packaging, to distribute copies of the Ancient Nutrition Packaging to the public, and to import copies of same, for the duration of the copyright.

69.     Defendants have engaged in the marketing, manufacture, packaging, sale, distribution, and display of Infringing Products in the Left Coast Infringing Packaging which is substantially similar to the Ancient Nutrition Packaging.

14

70.     Ancient Nutrition is informed and believes, and on that basis alleges, that Defendants intentionally adopted the Left Coast Infringing Packaging with the knowledge of Ancient Nutrition's rights to the Copyrighted Design in an attempt to target Ancient Nutrition's customers and create the impression of an association between Defendants and Ancient Nutrition, or an endorsement by Ancient Nutrition of Defendants and/or Defendants' products.

71.     Defendants' actions as described herein constitute reproduction, distribution, display, importation, and/or performance of the Ancient Nutrition Packaging without license or authorization, and therefore constitutes copyright infringement in violation of 17 U.S.C. §101 *et seq.*

72.     Ancient Nutrition is informed and believes, and on that basis alleges, that Defendants intentionally adopted and used the Left Coast Infringing Packaging with the knowledge of Ancient Design's rights in the Ancient Nutrition Packaging in an attempt to target Ancient Nutrition's customers and create the impression that Ancient Nutrition is the source of the Infringing Products, and that there is  an association or affiliation between Defendants and Ancient Nutrition, or an endorsement by Ancient Nutrition of Defendants and/or Defendants' products.

73.     Defendants are also liable under a theory of contributory, vicarious, and/or induced infringement for all infringements of the Ancient Nutrition Packaging by third parties, including Defendant PDM, who obtained the design for Left Coast's Infringing Packaging from Defendant Left Coast.

74.     Defendants' copyright infringement has caused, and will continue to cause, Ancient Nutrition to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the Ancient Nutrition Packaging, and has further damaged Ancient Nutrition's business

reputation and goodwill, diverted its trade, and caused loss of profits, in an amount to be determined at trial.

75.     Defendants' conduct has caused and, unless preliminarily and permanently enjoined, will continue to cause, irreparable harm to Plaintiff.

76.     Plaintiff is entitled to actual damages and/or disgorgement of Defendant's profits to compensate for the injuries caused by the Defendants, together with any applicable interest, and any other relief deemed appropriate.

77.     Defendants are all directly, contributorily and/or vicariously liable for these actions.

**COUNT III**
**UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN,**
**AND FALSE ADVERTISING UNDER 15 U.S.C. §1125**

78.     Plaintiff Ancient Nutrition repeats and re-alleges herein each of the foregoing paragraphs.

79.     Defendants have knowingly used and continue to use in commerce Ancient Nutrition's Packaging or reproductions, copies, or colorable imitations thereof in the form of the Left Coast Infringing Packaging, in connection with the Infringing Products that the Defendants offers, advertises, promotes, and sells.

80.     Defendants' use of Ancient Nutrition's Packaging as alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the relevant public as to the origin, source, sponsorship, or affiliation of Left Coast's Infringing Products, and is likely to cause such people to believe in error that the Defendants' goods and services have been authorized, sponsored, approved, endorsed, or licensed by Ancient Nutrition or that the Defendants are in some way affiliated with Ancient Nutrition.

81.     Defendants' actions were knowing and intentional, at least after the date Ancient

Nutrition contacted PDM, and thus render this case exceptional within the meaning of 15 U.S.C.

§ 1117(a).

82.     Defendants' acts constitute false and misleading descriptions of fact, false

advertising, and false designations of the origin and/or sponsorship of the Defendants' services,

and constitute trademark infringement in violation of 15 U.S.C. § 1125(a).

83.     By reason of Defendants' actions, Ancient Nutrition has suffered irreparable harm

to its valuable trade dress configuration.  Unless Defendants are restrained from these actions,

Ancient Nutrition will continue to be irreparably harmed.

84.     Ancient Nutrition has no remedy at law that will compensate it for the continued

and irreparable harm that will be caused if Defendants' acts are allowed to continue.

85.     As a direct and proximate result of Defendants' conduct, Ancient Nutrition has

suffered damages to the valuable Ancient Nutrition Packaging and other damages in an amount

to be proved at trial.

86.     Defendants are all directly, contributorily and/or vicariously liable for these

actions.

**RELIEF REQUESTED**

Accordingly, Plaintiff prays that this Court enter a judgment in its favor and against

Defendants as follows:

A.     An order finding and declaring that Defendant Left Coast and Defendants Peter

Thompson, Daniel Thompson, and Simon Thompson have directly infringed Plaintiff's Trade

Dress and Copyright, that Defendant PDM has directly infringed Plaintiff's Trade Dress and

Copyright, and that Defendant PDM has directly and indirectly contributed to the infringement by Left Coast;

B.      An order under 15 U.S.C. § 1116 and/or under 17 U.S.C. § 502 preliminarily and permanently enjoining Defendants and their employees, agents, officers, directors, shareholders, member, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them, from:

1.      Using the Left Coast Infringing Packaging, or any version thereof, or any other confusingly similar designs, on or in unauthorized products, merchandise, or goods, or for the purposes of advertising, selling or soliciting purchases of unauthorized products or merchandise; in connection with the description, marketing, promotion, advertising, or sale of any products or services;

2.      Infringing on the Ancient Nutrition Packaging;

3.      Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 1 and 2 above.

C.      An Order under 15 U.S.C. § 1116(a) requiring Defendants and their agents, servants, and employees and all persons acting in concert with or for them, to file with this Court and serve on Plaintiff within fifteen (15) days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.      An Order under 15 U.S.C. § 1116 and/or 17 U.S.C. § 503 requiring Defendants and their agents, servants and employees and all persons acting in concert with or for them, to deliver up and destroy any and all Left Coast Infringing Packaging and all other infringing

18

materials including any finished goods, work-in-progress, product packaging, website links, advertising, or literature bearing the infringing designations;

E.      An Order requiring Defendants to provide a complete accounting of all sales made of the Infringing Products and all profits earned on those sales;

F.      Awarding damages in an amount to be determined at trial;

G.      Awarding attorney fees and costs of this action, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1117 and other applicable federal law;

H.      An Order requiring Defendants to disgorge any and all profits received by their use of Ancient Nutrition's intellectual property;

I.      Awarding damages, restitution or compensation, in law or in equity, according to the proofs for any amount not fully compensated by the items of relief requested above;

J.      Awarding pre-judgment and post judgment interest in the maximum amount supported by the proofs in the case and applicable law; and

K.      Such additional and further relief which the court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

19

Dated: July 17, 2017

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

By: s/Leigh C. Taggart
    Leigh C. Taggart (*pro hac vice* admission requested)
    Lauren B. Edelman (*pro hac vice* admission requested)
    HONIGMAN MILLER SCHWARTZ AND COHN LLP
    39400 Woodward Ave., Ste. 101
    Bloomfield Hills, MI 48304-5151
    Tel. (248) 566-8300
    ltaggart@honigman.com
    ledelman@honigman.com

By: s/ Stanley J. Thompson
    Stanley J. Thompson, AT0007811
    Davis, Brown, Koehn, Shors & Roberts, P.C.
    215 10th Street, Suite 1300
    Des Moines, Iowa 50309
    Telephone:  (515) 288-2500
    Facsimile:  (515) 243-0654E-mail:
    StanThompson@davisbrownlaw.com

    *Attorneys for Plaintiff*